1  KAREN P. HEWITT
   United States Attorney
2  REBECCA S. KANTER
   Assistant United States Attorneys
3  California Bar Numbers 230257
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6747
   Facsimile: (619) 235-2757
6

7  Attorneys for Plaintiff
   United States of America

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  UNITED STATES OF AMERICA,          )    Criminal Case No. 08CR0415-LAB
                                       )
12                   Plaintiff,        )    **NOTICE OF MOTIONS AND UNITED**
                                       )    **STATES' MOTIONS IN LIMINE TO:**
13                                     )
                 v.                    )    **(1)    ADMIT A-FILE DOCUMENTS**
14                                     )    **(2)    PRECLUDE DEFENDANT FROM**
                                       )           **CHALLENGING HIS PRIOR**
15  ISIDRO DIAZ-SANTACRUZ,             )           **ORDER OF DEPORTATION**
                                       )    **(3)    ADMIT DEFENDANT'S PRIOR**
16                   Defendant.        )           **ADMISSIONS**
                                       )    **(4)    INTRODUCE EXPERT**
17                                     )           **TESTIMONY**
                                       )    **(5)    ADMIT EVIDENCE UNDER**
18                                     )           **RULE 609 TO IMPEACH**
                                       )    **(6)    PROHIBIT REFERENCE TO**
19                                     )           **REASON WHY DEFENDANT**
                                       )           **REENTERED U.S.**
20                                     )    **(7)    PROHIBIT REFERENCE TO**
   _____  )           **PRIOR RESIDENCY**
21                                          **(8)    PROHIBIT REFERENCE TO**
                                                   **POTENTIAL PUNISHMENT**
22                                          **(9)    EXCLUDE WITNESSES**
                                            **(10)   PRECLUDE DEFENSE EXPERT**
23                                                 **WITNESSES**
                                            **(11)   COMPEL RECIPROCAL**
24                                                 **DISCOVERY**

25                                          Date:        April 21, 2008
                                            Time:        2:00 P.m.
26                                          Honorable:   Larry A.  Burns

27         Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States

28  Attorney, and Rebecca Kanter, Assistant United States Attorney, hereby files its Motions *In Limine*.

1    These motions are based upon the files and records of the case together with the attached statement of
2    facts and memorandum of points and authorities.

3                                                    I.

4                                     **STATEMENT OF FACTS**

5    **A.     Apprehension**

6           On January 14, 2008, at about 1:15 a.m., Border Patrol Agent Christopher Womersley responded
7    to a Remote Video Surveillance System ("RVSS") report of a group of four suspected undocumented
8    aliens jumping over the primary fence in an area known as Echo-3. This area is approximately one mile
9    east of the San Ysidro Port of Entry and 200 yards north of the international boundary fence. When
10   Agent Womersley arrived at the scene, he apprehended one individual later identified as Isidro Diaz-
11   Santacruz. Border Patrol Agent Joseph Spielman apprehended three other individuals. The Defendant
12   admitted to being a citizen and national of Mexico with no documents to legally remain in the United
13   States. Defendant was transported to the Imperial Beach Border Patrol Station for processing.

14          On January 14, 2008, at 7:29 a.m., Defendant was read his Miranda rights by Border Patrol
15   Agent Fidel Herrera. Defendant agreed to waive his rights and speak to agents without an attorney. He
16   admitted to being a citizen and national of Mexico with no documentation to enter or remain in the
17   United States legally. He stated that he was born in Mexico on July 15, 1985.

18   **B.     Defendant's Criminal Record**

19          Defendant's other prior convictions include an April 29, 2005, conviction in the California
20   Superior Court in Fairfield for Possession of a Ephedrine to Manufacture Methamphetamine in violation
21   of California Health & Safety Code Section 11383, for which he received a sentence of one year. On
22   November 16, 2007, Defendant sustained a conviction in the California Superior Court in Newport
23   Beach for Driving Under the Influence in violation of California Vehicular Code Section 23152, for
24   which he received six days in jail and three years probation. Five days later, he sustained another
25   conviction for Driving Under the Influence in violation of California Vehicular Code Section 23152,
26   for which he received sixty days in jail and five years probation.

27   //

28   //

C.    **Defendant's Immigration Record**

On December 26, 2007, Defendant was issued a Notice to Appear charging him with being removable. Defendant submitted a statement waiving a personal hearing before an Immigration Judge and admitting the truthfulness of the allegations and charges in the Notice to Appear. Based on Defendant's submitted statement, Immigration Judge William J. Nickerson, Jr., ordered Defendant removed from the United States to Mexico on January 4, 2008. Defendant was physically removed from the United States to Mexico on January 10, 2008, four days before his apprehension.

## II

## UNITED STATES' MOTIONS *IN LIMINE*

A.    **THE COURT SHOULD ADMIT A-FILE DOCUMENTS**

1.    A-File Documents are Admissible as Public Records or Business Records

The United States intends to offer documents maintained by the former Immigration and Nationalization Service and current Department of Homeland Security pertaining to Defendant. The agency maintains an "A-file" or "Alien-file" on Defendant, which contains documents reflecting most of Defendant's immigration encounters. The United States moves to introduce "A File" documents to establish Defendant's alienage, prior deportation, and that he was subsequently found in the United States without having sought or obtained authorization from the Attorney General. The documents are self-authenticating "public records," Fed. R. Evid. 803(8)(B), or, alternatively, "business records." Fed. R. Evid. 803(6).

The Ninth Circuit has addressed the admissibility of A-File documents in United States v. Loyola Dominguez, 125 F.3d 1315 (9th Cir. 1997). In Loyola Dominguez, the defendant appealed his § 1326 conviction, arguing, among other issues, that the district court erred in admitting at trial certain records from the illegal immigrant's "A File." Id. at 1317. The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation. Loyola Dominguez argued that admission of the documents violated the rule against hearsay and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records. Id. at 1318. The court first noted that documents from a defendant's immigration file, although "made by law

1    enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the

2    concerns animating the law enforcement exception to the public records exception." Id. (quoting United

3    States v. Hernandez-Rojas, 617 F.2d 533, 534-35 (9th Cir. 1980)).  The court also held that such

4    documents are self-authenticating and, therefore, do not require an independent foundation.  Id.

5         Loyola-Dominguez is simply among the more recent restatements of the public-records and

6    business-records rules.  Courts in this Circuit have consistently held that documents from a defendant's

7    immigration file are admissible in a § 1326 prosecution to establish the defendant's alienage and prior

8    deportation.  See United States v. Mateo-Mendez, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court

9    properly admitted certificate of nonexistence as absence of a public record); United States v. Sotelo, 109

10   F.3d 1446, 1449 (9th Cir. 1997) (holding warrant of deportation admissible to prove alienage); United

11   States v. Contreras, 63 F.3d 852, 857 (9th Cir. 1995) (district court properly admitted warrant of

12   deportation as public record); United States v. Hernandez-Rojas, 617 F.2d at 535 (district court properly

13   admitted warrant of deportation as public record).

14        2.    A Certificate of Non-existence Does not Violate the Confrontation Clause

15        The United States moves to introduce a Certificate of Non-existence of Record ("CNR"),

16   prepared by an authorized official at the Department of Homeland Security and certifying that there are

17   no records in any of the Department's  databases, files, or archives that Defendant has ever applied for,

18   or been granted, permission to reenter the United States following his deportation.  The Ninth Circuit

19   has held that a CNR is not "testimonial" within the meaning of Crawford v. Washington, 124 S. Ct. 1354

20   (2004) and therefore that its admission into evidence does not violate the Confrontation Clause of the

21   United States Constitution.   See United States v. Cervantes-Flores, 421 F.3d 825, 831-33 (9th Cir.

22   2005); Sotelo, 215 F.3d 1039, 1042-43.

23   **B.    THE COURT SHOULD PROHIBIT DEFENDANT FROM COLLATERALLY ATTACKING HIS PRIOR DEPORTATION ORDER AT TRIAL**

24

25        The lawfulness of a prior deportation is not an element of the crime of illegal re-entry of an alien

26   following deportation, exclusion or removal.  In United States v. Mendoza-Lopez, 481 U.S. 828, 834-35

27   (1987), the Supreme Court held that the lawfulness of a prior deportation order is not an element of the

28   offense: "The language of the statute, however, suggests no such limitation [proof of a lawful order of

4                                              08CR0415-LAB

1    deportation], stating simply that 'any alien who has been arrested and deported or excluded and

2    deported,' 8 U. S. C. § 1326 (1), will be guilty of a felony if the alien thereafter enters, attempts to enter,

3    or is at any time found in, the United States, 8 U. S. C. § 1326 (2)."  In 1996, Congress codified the

4    Mendoza-Lopez decision, and its progeny, in 8 U.S.C. § 1326(d), entitled "Limitation on collateral

5    attack on underlying deportation order." That statute provides a three-step process for collaterally

6    challenging an underlying deportation proceeding.  If the deportation order is successfully challenged

7    collaterally it cannot be used to establish prior deportation.

8        The Ninth Circuit expressly held in United States v. Alvarado-Delgado, 98 F.3d 492 (9th Cir.

9    1996) (en banc), that "the lawfulness of [a] prior deportation is not an element of the offense under §

10    1326" and that, accordingly, an alien charged under § 1326 is "not entitled to have the issue determined

11    by a jury." Id. at 493.  Defendant has made no effort to follow the process under 8 U.S.C. § 1326(d) to

12    attack his order or deportation.  Therefore, this Court should refuse to submit the lawfulness of

13    Defendant's underlying deportation to the jury.

14    **C.    THE COURT SHOULD ADMIT DEFENDANT'S PRIOR ADMISSIONS**

15        1.    Defendant's Admissions In His 2007 Stipulated Request for Removal Are Admissible

16        On December 27, 2007, Defendant signed a Stipulated Request for Removal Order.  Pursuant

17    to that request, Immigration Judge William J.  Nickerson, Jr., issued a Decision and Order ordering

18    Defendant to be removed from the United States to Mexico.  All of these documents have been provided

19    to Defendant in discovery.  In the Stipulated Request for Removal Order, Defendant made admissions

20    regarding his citizenship.  Defendant's admissions are relevant because they tend to prove an element

21    of the charged crime, namely his alienage.  See Fed. R. Evid. 401.   The statements are not hearsay

22    because they are admissions of a party opponent.  Fed.  R.  Evid.  802(d)(2)(A).  The document

23    containing the statements will be certified for authenticity per Rule 902(2).  Because the statements are

24    relevant, non-hearsay and the document containing the statements will be properly authenticated, the

25    statements should be admitted.

26        2.    Defendant's Post-Arrest Admissions Are Admissible

27        Furthermore, in his post-Miranda statement on January 14, 2008, Defendant admitted that he is

28    a citizen of Mexico, that he had no legal right to enter the United States, that he had not applied for

5                                    08CR0415-LAB

1  readmission into the United States, and that he had been previously removed from the United States.

2  These statements are admissions of a party opponent admissible under Fed. R. Evid. 801(d)(2).

3  **D.      THE COURT SHOULD ADMIT EXPERT TESTIMONY**

4       The United States moves to admit testimony of a fingerprint expert to identify Defendant as the

5  person who was previously deported from the United States on January 10, 2008, and found in the

6  United States on January 14, 2008.  The United States provided notice of its intent to call Lisa DiMeo

7  as an expert and provided Defendant with a summary of Mr.  DiMeo's qualifications.

8       If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining

9  a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question.  Fed.

10  R. Evid. 702.  Determining whether expert testimony would assist the trier-of-fact in understanding the

11  facts at issue is within the sound discretion of the trial judge.  See United States v. Alonso, 48 F.3d 1536,

12  1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994).  An expert's opinion

13  may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type

14  reasonably relied upon by experts in the field.  Fed. R. Evid. 703.  In addition, an expert may provide

15  opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact.

16  Fed. R. Evid. 704.  Here, the fingerprint expert's testimony will assist the triers-of-fact in determining

17  whether the deportation and found-in evidence relate to the individual in the courtroom.  Defendant has

18  been provided notice of the United States' expert and a copy of her curriculum vitae.  As soon as an

19  expert report is prepared, it will be sent to Defendant in discovery.

20       Because the evidence goes to the essential question of identity, this expert testimony should be

21  admitted.

22  **E.      THE COURT SHOULD ADMIT 609 EVIDENCE**

23       In a letter dated April 11, 2008, the United States notified Defendant of its intent to use

24  Defendant's prior felony conviction for impeachment purposes under Rule 609.  Specifically, should

25  Defendant testify, the United States intends to inquire about Defendant's 2004 conviction for Possession

26  of Amphetamine with Intent to Manufacture Methamphetamine.  Should Defendant choose to testify,

27  the Government will only seek to offer evidence of the date and fact of Defendant's felony convictions.

28  The Government will not seek to offer the nature of the convictions.

Federal Rule of Evidence 609(a) provides in pertinent part:

> For purposes of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, <u>and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probable value of admitting this evidence outweighs its prejudicial effect to the accused;</u> and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Fed. R. Evid. 609(a) (emphasis added).

The Ninth Circuit has set forth five factors that the district court should balance in making the determination required by Rule 609. <u>United States v. Browne</u>, 829 F.2d 760, 762-63 (9th Cir. 1987). Specifically, the court must consider: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. <u>Id.</u> at 762-63. <u>See also</u> <u>United States v. Hursh</u>, 217 F.3d 761 (9th Cir. 2000).

The five <u>Browne</u> factors weigh in favor of admissibility with regard to this conviction. First, the impeachment value of Defendant's felony conviction is high. His conviction shows a significant disregard for the laws of the United States. As Rule 609 recognizes, convictions for serious felonies cast doubt on a defendant's honesty, and therefore have significant impeachment value. Second, the conviction occurred within the last ten years, as contemplated by Rule 609. Third, the conviction is very different from the current charge, minimizing the risk of prejudice. Fourth, the importance of Defendant's testimony is crucial in a case such as this, where Defendant would presumably be called to testify only if he intended to claim that he was a citizen or had received the permission of the United States Attorney General to enter the country. Finally, because such a defense could only plausibly be developed through the Defendant's own testimony, his credibility in asserting such alleged facts would be central to the case. The Government also notes that whatever risk of unfair prejudice exists can be adequately addressed by means of an appropriate limiting instruction.

//

//

**F.    THE COURT SHOULD PROHIBIT REFERENCE TO WHY THE DEFENDANT REENTERED THE UNITED STATES**

Defendant may attempt to offer evidence of the reason for his reentry, or alternatively, his belief that he was entitled to do so.  Defendant may also attempt to offer evidence of the reason for his being in the United States, or alternatively, his belief that he was entitled to be here.  The Court should preclude him from doing so.  Evidence of <u>why</u> Defendant violated Section 1326 is patently irrelevant to the question of <u>whether</u> he did so – the only material issue in this case.  Rule 401 defines "relevant evidence" as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.  Rule 402 states that evidence "which is not relevant is not admissible."  Fed. R. Evid. 402.  Here, the reason why Defendant reentered the United States, or his belief that he was justified in doing so, is irrelevant to whether he violated Section 1326.  Likewise, the reason why Defendant was in the United States, or his belief that he was justified in being here, is irrelevant.

The case of <u>United States v. Komisaruk</u>, 885 F.2d 490 (9th Cir. 1980), is illustrative.  Komisaruk was convicted of willfully damaging government property by vandalizing an Air Force computer.  <u>Id.</u> at 491.  On appeal, she argued that the district court erred in granting the government's motions *in limine* to preclude her from introducing her "political, religious, or moral beliefs" at trial.  <u>Id.</u> at 492. In particular, she argued that she was entitled to introduce evidence of her anti-nuclear war views, her belief that the Air Force computer was illegal under international law, and that she was otherwise morally and legally justified in her actions.  <u>Id.</u> at 492-93.  The district court held that her "personal disagreement with national defense policies could not be used to establish a legal justification for violating federal law nor as a negative defense to the government's proof of the elements of the charged crime," <u>id.</u> at 492, and the Ninth Circuit affirmed.  Similarly here, Defendant reasons for re-entering the United States or his belief that he was entitled to do so, are irrelevant to any fact at issue in this case.

//

//

//

## G.      THE COURT SHOULD PROHIBIT REFERENCE TO PRIOR RESIDENCY

The Court should preclude Defendant from introducing evidence at trial of any former residence in the United States, legal or illegal.  Such evidence is not only prejudicial, but irrelevant and contrary to Congressional intent.

In United States v. Ibarra, 3 F.3d 1333, 1334 (9th Cir. 1993) overruled on other grounds by United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996), the district court granted the United States' motion *in limine* to preclude Ibarra from introducing "evidence of his prior legal status in the United States, and the citizenship of his wife, mother and children" in a Section 1326 prosecution. The Ninth Circuit affirmed, reasoning that, because Ibarra had failed to demonstrate how the evidence could possibly affect the issue of his alienage, the district court properly excluded it as irrelevant.  Id.

Similarly, in United States v. Serna-Vargas, 917 F. Supp. 711 (C.D. Cal. 1996), the defendant filed a motion *in limine* to introduce evidence of what she termed "de facto" citizenship as an affirmative defense in a Section 1326 prosecution.  Id. at 711.  Specifically, she sought to introduce evidence of the involuntariness of her initial residence; her continuous residency since childhood; her fluency in the English language; and the legal residence of immediate family members. Id. at 712.  The court denied the motion, noting that "none of these elements are relevant to the elements that are required for conviction under § 1326."  Id.  The court also noted that admission of the evidence would run "contrary to the intent of Congress," because "the factors that [the defendant] now seeks to present to the jury are ones that she could have presented the first time she was deported."  Id.  Therefore, the court held, "[a]llowing her to present the defense now would run contrary to Congress' intent."  Id.  In particular, "under the scheme envisioned by Congress, an alien facing deportation may present evidence of positive equities only to administrative and Article III judges, and not to juries."  Id. (emphasis added).

Accordingly, evidence to residency, U.S. citizen children and spouses, and difficulty of surviving in Mexico should be precluded.

//
//
//
//

**H.    MOTION TO EXCLUDE EVIDENCE AND ARGUMENT REFERRING TO DEFENDANT'S AGE, FINANCES, EDUCATION AND POTENTIAL PUNISHMENT**

"Evidence which is not relevant is not admissible," (Fed. R. Evid. 402), and the jury should "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." Ninth Cir. Model Jury Instructions, § 3.1 (2003). Here, it is anticipated that Defendant may attempt to introduce evidence about his family, finances, age or education. This information is irrelevant to this case and should be excluded. Such evidence is not only irrelevant and unfairly prejudicial, but a blatant play for sympathy and jury nullification as well.

Defense counsel may wish to mention Defendant's potential penalties to the jury. Information about penalty and punishment draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromise verdicts, and confuses the issues to be decided. See United States v. Olano, 62 F.3d 1180, 1202 (9th Cir. 1995); United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991). In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against the defendant beyond a reasonable doubt. 9th Cir. Crim. Jury Instr. §7.4 (2003). Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for the defendant and prejudice against the United States.

The United States respectfully requests this Court to preclude any mention of possible penalty and/or felony designation at any point during the trial.

**I.    THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT**

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

//

//

//

//

**J.      THE COURT SHOULD PRECLUDE ANY EXPERT TESTIMONY BY DEFENSE WITNESSES**

The United States has requested reciprocal discovery.  The United States is permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial.  Moreover, Defendant must disclose written summaries of testimony that Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial.  The summaries are to describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.  Defendant has provided neither notice of any expert witness, nor any reports by expert witnesses.  Accordingly, Defendant should not be permitted to introduce any expert testimony.

If the Court determines that Defendant may introduce expert testimony, the United States requests a hearing to determine this expert's qualifications and relevance of the expert's testimony pursuant to Federal Rule of Evidence 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not admit the defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); see also  United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.), cert. denied, 530 U.S. 1268 (2000).

**K.      UNITED STATES' RENEWED MOTION FOR RECIPROCAL DISCOVERY**

The Court granted the United States' request for reciprocal discovery.  As of the date of these motions, Defendant has produced no reciprocal discovery.  The United States requests that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires the production of prior statements of all witnesses, except for those of Defendant.  Defendant has not provided the United States with any documents or statements.  Accordingly, the United States intends to object at trial and ask this Court to suppress any evidence at trial which has not been provided to the United States.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III

### <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully asks that the Court grant its motions.

DATED: April 11, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*/s/ Rebecca Kanter*

REBECCA S.  KANTER
Assistant U.S. Attorney

1
2
3
4
5                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF CALIFORNIA
6
7   UNITED STATES OF AMERICA,              )     Case No. 08CR0415-LAB
                                           )
8                      Plaintiff,          )
                                           )     **CERTIFICATE OF SERVICE**
9              v.                          )
                                           )
    ISIDRO DIAZ-SANTACRUZ,                 )
10                                         )
                       Defendant.          )
11  ─────────────────────────────────────  )

12       IT IS HEREBY CERTIFIED that:

13       I, REBECCA S.  KANTER, am a citizen of the United States and am at least eighteen years

14  of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101.

15       I am not a party to the above-entitled action.  I have caused service of UNITED STATES'

16  MOTIONS *IN LIMINE* on the following parties by electronically filing the foregoing with the Clerk of

17  the District Court using its ECF System, which electronically notifies them.

18
19       Christian DeOlivas

20       I declare under penalty of perjury that the foregoing is true and correct.

21       Executed on April 11, 2008.

22
                                                    /s/ Rebecca Kanter
23                                                  REBECCA S.  KANTER

24
25
26
27
28

                                        13                          08CR0415-LAB