KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6747
Rebecca.Kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr0415-LAB |
|---|---|---|
| Plaintiff, | ) ) ) | DATE: April 21, 2008<br>TIME: 2:00 p.m. |
| v. | ) ) | Honorable: Larry A. Burns |
| ISIDRO DIAZ-SANTACRUZ, | ) ) | GOVERNMENT'S RESPONSE AND |
| Defendant. | ) ) ) ) ) | OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE* AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

**I**

**INTRODUCTION**

The Government incorporates the statement of facts in the Government's previously filed Motions *In Limine*.

**II**

**OPPOSITION TO MOTIONS *IN LIMINE***

**A. THE COURT SHOULD ADMIT EVIDENCE UNDER RULE 609 TO IMPEACH DEFENDANT**

Should Defendant choose to testify, the Government will only seek to offer evidence of the date and fact of Defendant's felony conviction of Possession of Ephedrine. The Government will not seek to offer the nature of the convictions.

Federal Rule of Evidence 609(a) provides in pertinent part:

> For purposes of attacking the credibility of a witness, (1) evidence that

> a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, <u>and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused</u>; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Fed. R. Evid. 609(a) (emphasis added).

The Ninth Circuit has set forth five factors that the district court should balance in making the determination required by Rule 609. <u>United States v. Browne</u>, 829 F.2d 760, 762-63 (9th Cir. 1987). Specifically, the court must consider: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. <u>Id.</u> at 762-63. <u>See also</u> <u>United States v. Hursh</u>, 217 F.3d 761 (9th Cir. 2000).

The five <u>Browne</u> factors weigh in favor of admissibility with regard to this conviction. First, the impeachment value of Defendant's felony conviction is high. His conviction shows a significant disregard for the laws of the United States. As Rule 609 recognizes, convictions for serious felonies cast doubt on a defendant's honesty, and therefore have significant impeachment value. Second, the conviction occurred within the last ten years, as contemplated by Rule 609. Third, the conviction is very different from the current charge, minimizing the risk of prejudice. Fourth, the importance of Defendant's testimony is crucial in a case such as this, where Defendant would presumably be called to testify only if he intended to claim that he was a citizen or had received the permission of the United States Attorney General to enter the country. Finally, because such a defense could only plausibly be developed through the Defendant's own testimony, his credibility in asserting such alleged facts would be central to the case. The Government also notes that whatever risk of unfair prejudice exists can be adequately addressed by means of an appropriate limiting instruction.

As articulated in the Government's Motion *In Limine*, the Government gave proper notice to Defendant in a letter dated April 11, 2008, of its intent to use Defendant's prior felony conviction for impeachment purposes under Rule 609. The Government should admit evidence under Rule 609.

**B.     THE COURT SHOULD NOT ALLOW REFERENCE TO PUNISHMENT**

Defendant has filed a motion *in limine* to "allow reference to punishment enhancement." Def. Mot. In Limine at 1. The United States respectfully requests this Court to preclude any mention of possible penalty during the trial. In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against the defendant beyond a reasonable doubt. 9th Cir. Crim. Jury Instr. §7.4 (2003). Information about penalty and punishment draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromise verdicts, and confuses the issues to be decided. See United States v. Olano, 62 F.3d 1180, 1202 (9th Cir. 1995); United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991). Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for the defendant and prejudice against the United States.

Defendant's reference to 18 U.S.C. §924(e) does not compel a different result. Def. Mot. In Limine at 6-7. Section 924(e) relates to penalties for individuals convicted of firearms offenses. Defendant has not been charged with any firearms related offenses. Defendant's references are inapplicable to the case at bar, in which Defendant has been charged with Attempted Entry after Deportation in violation of 8 U.S.C. § 1326.

## IV

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court deny Defendant's motions *in limine*.

DATED: April 11, 2008.

                                              Respectfully submitted,

                                              Karen P. Hewitt
                                              United States Attorney

                                              s/ Rebecca Kanter
                                              REBECCA S. KANTER
                                              Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　v.<br>ISIDRO DIAZ-SANTACRUZ,<br>　　　　　Defendant. | Case No. 08CR0415-LAB<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE* on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

Christian DeOlivas

I declare under penalty of perjury that the foregoing is true and correct.
Executed on April 11, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Rebecca Kanter
　　　　　　　　　　　　　　　　　　　　　　　　REBECCA S. KANTER

4